State *v.* Anderson.

THE STATE *v.* JAMES A. ANDERSON.

CRIMINAL LAW. *Indictment of executors, guardians, etc. Act of March 9, 1875.* An indictment of an executor, administrator, guardian or trustee, under the Act of March 9, 1875, for converting money to his own use and failing to pay over trust funds, must contain averments that a settlement, voluntary or compulsory, has been made, that the money has not been paid over, that judgment has been obtained, and *fi. fa.* thereon returned *nulla bona.*

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby County. L. B. HORRIGAN, J.

Attorney-General LEA for The State.

T. W. BROWN and L. E. WRIGHT for Anderson.

TURNEY, J., delivered the opinion of the Court.

On the 9th of March, 1875, the Legislature passed an Act entitled "An Act to punish executors, administrators, guardians or trustees for converting to their own use and benefit and failing to pay over trust funds."

Section 1 provides that "Any executor, administrator, guardian or trustee, holding trust funds, who shall wilfully and maliciously convert to his own use

and benefit any moneys, notes, stocks, bonds, or other evidences of value, of whatever nature and description, the assets of the estate for which he is executor, administrator, guardian or trustee, and on final settlement shall fail to pay to those entitled to the funds thus entrusted to and due from such executor, administrator, guardian or trustee, when the same are not paid and cannot be collected by due process of law, shall be adjudged guilty of felony before any competent Court, and on conviction shall be punished by imprisonment in the penitentiary not less than one year and not more than ten years."

In August, 1878, the defendant was qualified as administrator of the estate of Maggie Williams. At the January term, 1880, of the Criminal Court of Shelby county he was indicted, the indictment charging that he had received into his possession, as such administrator, a large sum of money, of the value of $1,300, which he had wilfully, maliciously, feloniously and fraudulently converted to his own use and benefit. That his term of office as public administrator had expired, his successor had been appointed, and his letters as administrator of the estate of Maggie Williams revoked. That the Probate Court had ordered and commanded him to pay over to those entitled to receive the same all the money which had been received by him, or assets belonging to said estate, and by him held in trust, etc., which he failed to do. That he failed and refused to make a settlement of his accounts as administrator.

The Judge of the Criminal Court quashed the indictment of his own motion.

To sustain an indictment for the offense created and defined by the Act, it is necessary to aver and prove that there had been, before the finding of the indictment, a final settlement by the party accused, made either voluntarily by him, as provided by statutes, or by compulsion through the instrumentality of a court of competent jurisdiction. It must also be averred and proved that the amount due has not been paid over. It must also be averred and proved that the amount due cannot be collected by due process of law, which latter averment necessitates the further one of the existence of a judgment or decree from which such process has been issued and returned. *nulla bona.*

Such averments are not made here, and, as appears on the face of the indictment, cannot be made.

Affirmed